# EXHIBIT A

Filed in District Court
State of Minnesota
4/10/2026 2:51 PM

**STATE OF MINNESOTA** **DISTRICT COURT**
**County of Hennepin** Judicial District: Fourth
Case Type: Personal Injury

| | | |
|---|---|---|
| Melissa Wanna, on behalf of herself individually and on behalf of a limited class of similarly situated Minnesota residents,<br><br>*Plaintiff,*<br><br>v.<br><br>RELX Group plc; Reed Elsevier Inc. d/b/a LexisNexis; RELX Inc. d/b/a LexisNexis; LexisNexis Risk Solutions Inc.; and LexisNexis Risk Solutions FL Inc.,<br><br>*Defendants.* | ) | **SUMMONS** |

1. **YOU ARE BEING SUED**. The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this Summons.

2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS**. You must give or mail to the person who signed this Summons **a written response** called an Answer within 21 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:

IDS Tower Suite 1650
80 South 8th Street
Minneapolis, MN 55402

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you

agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case**.

6. **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: September 2, 2025

**MADGETT LAW, LLC**

s/ David Madgett
IDS Tower, Suite 1650
80 South 8th Street
Minneapolis, MN 55402
Telephone: 612-470-6529
Email: dmadgett@madgettlaw.com
*Attorney for Melissa Wanna*



MINNESOTA JUDICIAL BRANCH

Filed in District Court
State of Minnesota
4/10/2026 2:51 PM

| | | |
|---|---|---|
| **STATE OF MINNESOTA** | | **DISTRICT COURT** |
| **County of Hennepin** | Judicial District: | Fourth |
| | Case Type: | Personal Injury |

Melissa Wanna, on behalf of herself individually and on behalf of a limited class of similarly situated Minnesota residents,

*Plaintiff,*

v.

RELX Group plc; Reed Elsevier Inc. d/b/a LexisNexis; RELX Inc. d/b/a LexisNexis; LexisNexis Risk Solutions Inc.; and LexisNexis Risk Solutions FL Inc.,

*Defendants.*

**COMPLAINT**

**(JURY TRIAL DEMANDED)**

MINNESOTA JUDICIAL BRANCH

## INTRODUCTION

1. This action arises from the unauthorized sale and disclosure of personal information by the defendants (collectively, "Lexis"). Lexis operates data-broker services under the LexisNexis name and, through data-licensing agreements, sold plaintiff Melissa Wanna's personal information to MyLife.com, Inc. ("MyLife"), a website that publishes reputation profiles on individuals. The profiles rely on Lexis's data and were used to solicit payment from the subjects in exchange for removal of negative information. Plaintiff alleges that Lexis knowingly assisted MyLife's tortious conduct by providing data and services, causing injury to plaintiff and similarly situated Minnesota residents.

Filed in District Court
State of Minnesota
4/10/2026 2:51 PM

2. Plaintiff brings only state-law claims. She does **not** assert claims under the Fair Credit Reporting Act, the Driver's Privacy Protection Act or the Racketeer Influenced and Corrupt Organizations Act. Plaintiff limits the putative class to fewer than 100 Minnesota residents and seeks aggregate damages of less than five million dollars. Accordingly, plaintiff asserts that the federal courts lack jurisdiction under 28 U.S.C. § 1332(d) (the Class Action Fairness Act) and that removal of this action would be improper. Complete diversity is lacking because at least one defendant is a Minnesota corporation.

## PARTIES

3. **Plaintiff Melissa Wanna** is a natural person residing in Minnesota. She searched for her name online and discovered that MyLife had created a profile containing a poor "reputation score" and ominous statements that court records had been found. Plaintiff was seeking employment at the time and believes that the false and misleading MyLife profile harmed her reputation and employment prospects.

4. **Defendant RELX Group plc** is a public limited company headquartered outside Minnesota.

5. **Defendant Reed Elsevier Inc., d/b/a LexisNexis** is a corporation doing business in Minnesota through its LexisNexis division.

6. **Defendant RELX Inc., d/b/a LexisNexis** is a corporation doing business in Minnesota through its LexisNexis division.

7. **Defendant LexisNexis Risk Solutions Inc.** is a corporation that obtains data from various sources, compiles dossiers on individuals and sells that data to third parties.



MINNESOTA JUDICIAL BRANCH

Filed in District Court
State of Minnesota
4/10/2026 2:51 PM

8. **Defendant LexisNexis Risk Solutions FL Inc.** is a point of contact with MyLife and party to the most recent data-licensing agreement between Lexis and MyLife.

## JURISDICTION AND VENUE

9. This Court has subject-matter jurisdiction over plaintiff's state-law claims under Minn. Stat. §§ 484.01 and 484.08. There is no federal question and complete diversity is lacking. Plaintiff limits the putative class to fewer than 100 members and the aggregate amount in controversy to less than five million dollars. Thus, the Class Action Fairness Act does not confer federal jurisdiction.

10. Venue is proper in this county because the defendants transact business here and plaintiff's injuries occurred here.

## FACTUAL ALLEGATIONS

11. Lexis operates a service known as **LexisNexis Public Records**, which compiles data from various sources into dossiers on individuals and sells that data to third parties, including MyLife. Through a series of data-licensing agreements, Lexis sold plaintiff's personal information to MyLife. The agreements state that Lexis and MyLife are independent contractors and that nothing creates a relationship of principal and agent.

12. MyLife publishes reputation profiles based principally on Lexis's data. When plaintiff searched her name online, she discovered a MyLife profile that assigned her a poor reputation score and warned that court records and graphic information existed. MyLife solicited payment from anyone seeking more details and from plaintiff to correct or remove the profile.

13. Plaintiff alleges that MyLife's statements were false and defamatory. She has no criminal or court records, and the negative reputation score and warnings were baseless. Lexis was aware that MyLife used Lexis's data to create such profiles and solicit payments. Despite knowing of MyLife's business model and the harm it caused, Lexis continued to supply data and assistance to MyLife. Lexis thereby materially aided and abetted MyLife's tortious conduct.

14. Plaintiff did not sue MyLife in this action because MyLife filed for bankruptcy in 2022. She alleges that Lexis's knowing assistance and cooperation made MyLife's misconduct possible and that Lexis profited from the arrangement.

15. As a direct and proximate result of the defendants' conduct, plaintiff suffered reputational harm, emotional distress, and economic damages. She lost employment opportunities because prospective employers who searched her name were met with an ominous MyLife profile.

## CLASS ALLEGATIONS

16. Plaintiff seeks to represent a class under Minnesota Rule of Civil Procedure 23 composed of all natural persons residing in Minnesota whose personal information was sold by Lexis to MyLife and who viewed or were the subject of a MyLife profile containing defamatory or misleading statements. The proposed class contains fewer than 100 persons. Aggregated damages for the class do not exceed five million dollars.

17. Questions of law and fact common to the class include whether Lexis knowingly provided personal data to MyLife, whether MyLife's profiles contained false statements,

Filed in District Court
State of Minnesota
4/10/2026 2:51 PM

whether Lexis materially assisted in MyLife's tortious conduct, and whether such assistance violated Minnesota law.

18. Plaintiff's claims are typical of the class. She and all class members were injured by the same course of conduct.

19. Plaintiff will fairly and adequately protect the interests of the class. She has retained counsel experienced in consumer protection and privacy cases.

## CLAIMS FOR RELIEF

### Count I – Defamation (Common Law)

20. Plaintiff incorporates paragraphs 1–19.

21. MyLife published statements on its website indicating that plaintiff had court records and that her profile might include graphic or criminal information. These statements were false; plaintiff has no criminal or court records.

22. Lexis provided MyLife with the personal data underlying the profile and knew that MyLife would publish and monetise the profile. By continuing to supply data and services to MyLife despite this knowledge, Lexis participated in and facilitated the publication of defamatory statements.

23. The statements were communicated to third parties via the internet. Prospective employers and members of the public were led to believe that plaintiff had criminal or graphic records.

MINNESOTA JUDICIAL BRANCH

24. The statements were defamatory per se because they falsely imputed criminal conduct and adversely affected plaintiff's employment prospects. Lexis's conduct was at least negligent and, upon information and belief, intentional and malicious.

25. Plaintiff and the class suffered reputational harm, emotional distress, and economic damages as a result of the defamatory statements.

## Count II – Violation of the Minnesota Consumer Fraud Act and Deceptive Trade Practices Act (Minn. Stat. §§ 325F.68–.70 and 325D.44)

26. Plaintiff incorporates paragraphs 1–25.

27. Lexis engaged in deceptive and unlawful trade practices by selling personal data to MyLife knowing that the data would be used to publish false or misleading profiles and to solicit payment from consumers. This conduct constitutes false and misleading advertising and unfair or deceptive practices within the meaning of Minn. Stat. §§ 325F.68–.70 and 325D.44.

28. Lexis's actions occurred in the course of trade or commerce. Lexis acted knowingly and with intent that consumers rely on the misrepresentations. Consumers, including plaintiff, did in fact rely on the representations to their detriment.

29. Plaintiff and the class suffered damages, including loss of reputation and economic harm, as a direct result of Lexis's deceptive practices.

30. Plaintiff seeks damages, injunctive relief, and attorney's fees as allowed under Minn. Stat. §§ 8.31 and 325D.45.



MINNESOTA JUDICIAL BRANCH

Filed in District Court
State of Minnesota
4/10/2026 2:51 PM

## Count III – Aiding and Abetting (Restatement (Second) of Torts § 876)

31. Plaintiff incorporates paragraphs 1–30.

32. Under Minnesota law, a party that knows a tort is being committed by another and substantially assists or encourages the tortfeasor is liable for the resulting harm. This doctrine is reflected in Section 876 of the Restatement (Second) of Torts. The Eighth Circuit noted that such a vicarious-liability theory exists but found that the plaintiff forfeited it because it was not presented in the federal court proceedings.

33. MyLife's publication of false statements about plaintiff constitutes defamation and invasion of privacy. Lexis knew of MyLife's misconduct, as Lexis was the primary source of the data and MyLife's business model was publicised. Lexis nevertheless supplied personal data, provided customer service and technical support, and renewed data-licensing agreements with MyLife, thereby substantially assisting MyLife's tortious conduct.

34. Lexis's assistance was a substantial factor in MyLife's torts. Without Lexis's data and cooperation, MyLife could not have published the false reputation profiles that harmed plaintiff and the class.

35. Plaintiff and the class suffered harm as a direct result of Lexis's aiding and abetting. Lexis is therefore liable for the damages caused by MyLife's tortious conduct.

## Count IV – Civil Conspiracy (Common Law)

36. Plaintiff incorporates paragraphs 1–35.





MINNESOTA JUDICIAL BRANCH

37. Lexis and MyLife agreed to a common design to monetise personal data by publishing misleading reputation profiles and soliciting payments from consumers. Lexis supplied the data and technical support; MyLife published the profiles and collected payments. Lexis knew that the arrangement violated consumers' rights and would harm individuals like plaintiff.

38. The agreement between Lexis and MyLife and their concerted actions constitute a civil conspiracy to commit defamation and consumer fraud.

39. As a direct and proximate result of the conspiracy, plaintiff and the class suffered reputational, emotional and economic harm.

## PRAYER FOR RELIEF

Wherefore, plaintiff respectfully requests that the Court enter judgment in her favor and against defendants as follows:

1. Certify the proposed class under Minnesota Rule of Civil Procedure 23.

1. Award compensatory damages to plaintiff and the class in an amount to be proven at trial but not exceeding five million dollars in the aggregate.

2. Award punitive damages as permitted by law.

3. Award attorney's fees, costs of suit and pre- and post-judgment interest as permitted by law.

4. Grant injunctive relief prohibiting defendants from selling Minnesota residents' personal data to MyLife or similar entities and requiring defendants to implement reasonable data-security and consumer-protection measures.

5. Grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: September 2, 2025

**MADGETT LAW, LLC**

s/ David Madgett
IDS Center Suite 1650, 80 South 8th Street
Minneapolis, MN 55402
Telephone: 612-470-6529
Email: dmadgett@madgettlaw.com
*Attorney for Melissa Wanna*

MINNESOTA JUDICIAL BRANCH

## ACKNOWLEDGMENT REQUIRED UNDER MINN. STAT. § 549.211, SUBD. 1

The undersigned hereby acknowledges that sanctions may be imposed under Minn. Stat. § 549.211, if factual contentions and legal arguments contained in this motion are unwarranted or presented for an improper purpose or are lacking in evidentiary support.

Dated: September 2, 2025

**MADGETT LAW, LLC**

s/ David Madgett

Filed in District Court
State of Minnesota
4/10/2026 2:51 PM

**STATE OF MINNESOTA** **DISTRICT COURT**
**County of Hennepin**

Judicial District: Fourth
Case Type: Personal Injury

Melissa Wanna, on behalf of herself individually and on behalf of a limited class of similarly situated Minnesota residents,

Plaintiff,

v.

RELX Group plc; Reed Elsevier Inc. d/b/a LexisNexis; RELX Inc. d/b/a LexisNexis; LexisNexis Risk Solutions Inc.; and LexisNexis Risk Solutions FL Inc.,

Defendant(s).

Case No. ________________

**AFFIDAVIT OF SERVICE**

MINNESOTA JUDICIAL BRANCH

STATE OF MINNESOTA )
) ss.
COUNTY OF HENNEPIN )

I, David Madgett, being first duly sworn upon oath, depose and state as follows:

1. I am an attorney licensed to practice law in the State of Minnesota and am counsel of record for Plaintiff Melissa Wanna in the above-captioned action. I am over the age of eighteen years and am not a party to this action. I have personal knowledge of the facts stated herein.

2. On April 10, 2026, at approximately 11:04 a.m., I, David Madgett, served upon Defendant LexisNexis Risk Solutions Inc. a true and correct copy of the Summons and Complaint in the above-captioned matter by hand-delivering said

Filed in District Court
State of Minnesota
4/10/2026 2:51 PM

documents to the office of LexisNexis Risk Solutions Inc.'s registered agent, CT Corporation System, located at 1010 Dale St N, St Paul, MN 55117–5603.

3. Service was made in accordance with Minnesota Rule of Civil Procedure 4.03(c), by leaving a copy of the Summons and Complaint at the registered agent's office during regular business hours.

I declare under penalty of perjury that everything I have stated in this document is true and correct.

Dated: April 10, 2026 s/ David Madgett

MINNESOTA
JUDICIAL
BRANCH

Filed in District Court
State of Minnesota
4/10/2026 2:51 PM

**STATE OF MINNESOTA** **DISTRICT COURT**
**County of Hennepin**

Judicial District: Fourth
Case Type: Personal Injury

Melissa Wanna, on behalf of herself individually and on behalf of a limited class of similarly situated Minnesota residents,

Plaintiff,

v.

RELX Group plc; Reed Elsevier Inc. d/b/a LexisNexis; RELX Inc. d/b/a LexisNexis; LexisNexis Risk Solutions Inc.; and LexisNexis Risk Solutions FL Inc.,

Defendant(s).

Case No. ________________

**AFFIDAVIT OF SERVICE**

MINNESOTA JUDICIAL BRANCH

STATE OF MINNESOTA )
) ss.
COUNTY OF HENNEPIN )

I, David Madgett, being first duly sworn upon oath, depose and state as follows:

1. I am an attorney licensed to practice law in the State of Minnesota and am counsel of record for Plaintiff Melissa Wanna in the above-captioned action. I am over the age of eighteen years and am not a party to this action. I have personal knowledge of the facts stated herein.

2. On April 10, 2026, at approximately 11:04 a.m., I, David Madgett, personally served upon Defendant LexisNexis Risk Solutions FL Inc. a true and correct copy of the Summons and Complaint in the above-captioned matter by

Filed in District Court
State of Minnesota
4/10/2026 2:51 PM

hand-delivering said documents to the office of LexisNexis Risk Solutions FL Inc.'s registered agent, CT Corporation System, located at 1010 Dale St N, St Paul, MN 55117–5603.

3. Service was made in accordance with Minnesota Rule of Civil Procedure 4.03(c), by leaving a copy of the Summons and Complaint at the registered agent's office during regular business hours.

I declare under penalty of perjury that everything I have stated in this document is true and correct. Minn. Stat. § 358.116. Signed in Hennepin County, Minnesota, on April 10, 2026.

Dated: April 10, 2026 s/ David Madgett

MINNESOTA JUDICIAL BRANCH

Filed in District Court
State of Minnesota
4/13/2026 11:22 AM

State of Minnesota
Hennepin County

District Court
Fourth Judicial District
Court File Number: 27-CV-26-5733
Case Type: Civil Other/Misc.

# Notice of Judicial Assignment

File Copy

---

Melissa Wanna , on behalf of herself individually and on behalf of a limited class of similarly situated Minnesota residents vs RELX Group plc, Reed Elsevier Inc. , d/b/a LexisNexis, RELX Inc., d/b/a a LexisNexis, LexisNexis Risk Solutions Inc., LexisNexis Risk Solutions FL Inc.

The case is assigned to the following judicial officer for all further proceedings:

District Court Judge Karen A. Janisch
612-322-6579
mailto:4thJudgeJanischChambers@courts.state.mn.us

Mailing address: 300 South 6th Street, MC 332, Minneapolis, MN 55487-0332

A notice to remove this judicial officer must comply with Minnesota Rules of Civil Procedure 63.03 and Minnesota Statute § 542.16.

Minnesota Court Records Online (MCRO) provides online access to public district court records and documents. Please visit the website at www.mncourts.gov/Access-Case-Records.aspx

DATE: April 13, 2026

Court Administrator
Hennepin County District Court

cc: RELX Group plc; Reed Elsevier Inc. ; RELX Inc.; LexisNexis Risk Solutions Inc.; LexisNexis Risk Solutions FL Inc.; DAVID JOHN SCHMIDT MADGETT

MINNESOTA JUDICIAL BRANCH