**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| MELISSA WANNA, on behalf of herself individually and on behalf of a limited class of similarly situated Minnesota residents,<br><br>Plaintiff,<br><br>v.<br><br>RELX Group plc; Reed Elsevier Inc. d/b/a LexisNexis; RELX Inc. d/b/a LexisNexis; LexisNexis Risk Solutions Inc.; and LexisNexis Risk Solutions FL Inc.<br><br>Defendants. | The Honorable Jeffrey M. Bryan<br>Magistrate Judge Elizabeth Cowan Wright<br><br>Case No. 0:26-cv-02556 (JMB/ECW)<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO FILE HER OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND HER REPLY IN SUPPORT OF HER MOTION TO REMAND OUT OF TIME, AND TO CONTINUE THE SEPTEMBER 29, 2026 HEARING** |

Plaintiff Melissa Wanna moves under Fed. R. Civ. P. 6(b)(1)(B) and LR 6.1 for an order:

1. granting leave to accept her Memorandum in Opposition to Defendants' Motion to Dismiss (ECF No. 26) and her Reply Memorandum in Support of her Motion to Remand (ECF No. 27);

2. continuing the September 29, 2026 hearing (ECF No. 23) to a date convenient to the Court, *see* LR 7.1(c)(5)(A)(ii), so that Defendants have the full 14 days that LR 7.1(c)(3)(A) allows to reply on their motion to dismiss; and

3. in the alternative, if leave is denied, deciding the motion to dismiss on its merits under the Rule 12(b)(6) standard rather than as unopposed, and deciding the motion to remand on the full record as a question of the Court's subject-matter jurisdiction.

Plaintiff's counsel missed two deadlines this Court set. The responsibility is counsel's. Counsel does not ask the Court to overlook it. He asks the Court to weigh it as the Rules and binding precedent require: against no prejudice to Defendants, a case still at the pleadings, completed briefs submitted with this motion, and a motion that would end a putative class action without any examination of the Complaint's merits.

## ARGUMENT

### I. Counsel's neglect is excusable, and the circumstances are exceptional.

When a deadline has passed, the Court may, "for good cause," extend it "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). "[N]eglect" includes "late filings caused by inadvertence, mistake, or carelessness," not only those caused by

circumstances beyond a party's control. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993). The determination whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission", including "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395; *Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010) (applying Rule 6(b)(1)(B)). "These factors do not bear equal weight as the reason for delay is generally a key factor in the analysis." *Kurka v. Iowa Cnty.*, 628 F.3d 953, 959 (8th Cir. 2010).

Plaintiff recognizes that this Court strongly discourages motions to alter response and reply deadlines and will deny them "absent exceptional circumstances." Judge Jeffrey M. Bryan, Practice Pointers and Preferences § II.A. The circumstances here meet that standard, and each factor favors relief.

**A. Reason for the delay.** The simple truth is that counsel attempted to file believed he filed each document through CM/ECF. Madgett Decl. ¶ 9. Clearly, neither reached the docket. Counsel does not know what occurred; he may have closed the browser before the transactions completed, or lost his internet connection without noticing, or may simply incorrectly recall events that never occurred. *Id.* ¶ 10. No Notice of Electronic Filing for either memorandum reached

his account. *Id.* ¶ 12. Even had the filings gone through, their Notices of Electronic Filing would not have reached counsel: after April 6 and until August 18, 2026, no CM/ECF notice from this District reached counsel's account, in this case or any other — including for Plaintiff's own completed June 3 filings, ECF Nos. 14–17 — while notices from other federal courts continued to arrive. *Id.* ¶ 6. Their absence therefore looked no different from every other notice from this District that did not arrive. He believed both memoranda were on file until September 24, 2026, when, reviewing his file to prepare for the hearing, he did not find them there. *Id.* ¶ 13. The same day he wrote to chambers: "I apologize for this I am still unclear as to what happened here as I noted that I filed the documents on time and clearly did not." *Id.* ¶ 14. Counsel should have confirmed that each memorandum appeared on the docket. He did not. That is a lapse in diligence, and he owns it.

This is inadvertence, not a decision to defer the work. *Cf. Giles v. Saint Luke's Northland-Smithville*, 908 F.3d 365, 369 (8th Cir. 2018) (per curiam) (affirming Rule 60(b)(1) denial where reason factor "weigh[ed] heavily against" movant whose counsel "readily admit[ted] that he initially failed to timely respond because he prioritized other matters", and who sought "even more time" rather than "leave to file a prepared response out of time"). Counsel did not set the briefs aside for other work or ask for more time to write them. He wrote them, attempted to file them before the deadlines (or genuinely believes he did),

and did not detect that the attempts had failed. Excusable neglect under Rule 6(b)(1)(B) empowers courts to accept, "where appropriate, . . . late filings caused by inadvertence, mistake, or carelessness". *Chorosevic*, 600 F.3d at 946 (quoting *Pioneer*, 507 U.S. at 388); *see Sugarbaker v. SSM Health Care*, 187 F.3d 853, 856 (8th Cir. 1999) (one-day-late fee motion excusable although delay was "within its own control").

**B. Prejudice.** Defendants lose nothing. They filed every brief the Briefing Order called for, and they will receive the full 14-day reply period LR 7.1(c)(3)(A) provides. Plaintiff's reply on remand responds only to Defendants' opposition. ECF No. 25. In *HSK, LLC v. United States Olympic Committee*, the court accepted an opposition to a motion to dismiss filed a month late where the defendant suffered no prejudice and had time to reply before the hearing. 248 F. Supp. 3d 938, 942 (D. Minn. 2017). The same relief, with the hearing reset, removes any prejudice here.

**C. Length of delay and impact on proceedings.** The opposition is about twelve weeks late and the reply about eleven. The only effect on the proceedings is resetting a hearing that has not yet occurred. The case is at the pleadings stage. *Cf. Giles*, 908 F.3d at 368–69 (45-day delay "likely insignificant" where no showing it "would impact the judicial proceedings in any appreciable way").

**D. Good faith.** The Eighth Circuit distinguishes "contumacious or intentional delay or disregard for deadlines and procedural rules" from "a

'marginal failure' to meet pleading or other deadlines." *Giles*, 908 F.3d at 369 (quoting *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998)). Nothing here was intentional. Counsel told the Court and opposing counsel the day he discovered the problem, and he brings complete briefs with this motion rather than a request for more time. Madgett Decl. ¶¶ 13–16.

**E. The preference for decision on the merits.** Denying leave would do more than foreclose a brief. Defendants ask the Court to dismiss the Complaint. ECF No. 19; ECF No. 24 at 25. Refusing Plaintiff's opposition would impose "a severe penalty unmatched by any prejudice" to Defendants and would contravene "[t]he judicial preference for adjudication on the merits[, which] goes to the fundamental fairness of the adjudicatory process." *Chorosevic*, 600 F.3d at 947 (quoting *Oberstar v. FDIC*, 987 F.2d 494, 504 (8th Cir. 1993)). Where that preference "is implicated", the Court "must weigh the effect on the party requesting the extension against the prejudice to the defendant." *Kurka*, 628 F.3d at 959. Here the effect on Plaintiff — and on the Minnesota class she seeks to represent — is the loss of her claims on a default of briefing. The prejudice to Defendants is a short continuance. That imbalance, with a months-long failure of this District's notices to reach counsel's account and counsel's same-day disclosure, is exceptional.

**II. Alternatively, both motions must still be decided on their merits.**

If the Court denies leave, the motion to dismiss should still be resolved under the Rule 12(b)(6) standard, not granted as unopposed. "When a motion would be dispositive of the merits of the cause if granted, courts should normally not treat a failure to respond to the motion as conclusive"; they "should, instead, . . . proceed to examine those portions of the record properly before them and decide for themselves whether the motion is well taken." *Canada v. Union Elec. Co.*, 135 F.3d 1211, 1213 (8th Cir. 1997) (unopposed summary-judgment motion).

The motion to remand is fully presented by Plaintiff's opening papers and Defendants' opposition. ECF Nos. 15, 25. Whether Defendants have established jurisdiction under the Class Action Fairness Act — including the amount-in-controversy and numerosity thresholds Plaintiff challenged, ECF No. 15 at 11–16 — is a question the Court decides regardless of any reply. Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

**III. Proposed schedule.**

Plaintiff proposes that: (a) the opposition and reply submitted as Madgett Decl. Exs. 1 and 2 be deemed filed as of the date of this motion, and Plaintiff file

each as a separate docket entry within one business day of the Court's order; (b) Defendants reply on the motion to dismiss within 14 days of the Court's order, *see* LR 7.1(c)(3)(A); and (c) the Courtroom Deputy reset the combined hearing on both motions for a date after that reply is due that is convenient to the Court.

Dated: September 25, 2026

**MADGETT LAW, LLC**

/s/ David J.S. Madgett
David J.S. Madgett (MN #390494)
IDS Center, Suite 1650
80 South 8th Street
Minneapolis, MN 55402
(612) 470-6529
dmadgett@madgettlaw.com
*Attorney for Plaintiff Melissa Wanna*